**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DEALERTRACK REGISTRATION AND TITLING SOLUTIONS, INC. | )<br>)<br>)<br>) |
| Plaintiff, | )  CIVIL ACTION<br>)  FILE NO.: |
| v. | )<br>) |
| DOWNTOWN AUTO TITLE & NOTARY LLC d/b/a TIME SAVER AUTO TITLE & NOTARY, a West Virginia Limited Liability Company, SAMUEL MCGUFFIN, PETER TULLY, and IAN NOBLE | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **COMPLAINT**

The Plaintiff, Dealertrack Registration and Titling Solutions, Inc. (hereinafter "Dealertrack"), by and through counsel, for its Complaint against the Defendants, Downtown Auto Title & Notary LLC d/b/a Time Saver Auto Title & Notary (hereinafter "Time Saver"), Samuel McGuffin, Peter Tully, and Ian Noble, states as follows:

## JURISDICTION AND PARTIES

1. Dealertrack is a corporation that is incorporated under the laws of the State of Delaware and is authorized to do business, and does do business, in the State of Georgia, and elsewhere.

2. Dealertrack maintains its main place of operation and principle place of business in the State of Connecticut.

3. Time Saver is a limited liability company formed under the laws of the State of West Virginia and at the time relevant to the allegations of this Complaint did do business in the State of West Virginia.

4. Upon information and belief, the members of Time Saver are Samuel McGuffin, Peter Tully, and Ian Noble.

5. Upon information and belief, Samuel McGuffin is a resident of Huntington, Cabell County, West Virginia.

6. Upon information and belief, Peter Tully is a resident of Huntington, Cabell County, West Virginia.

7. Upon information and belief, Ian Noble is a resident of Huntington, Cabell County, West Virginia.

8. The amount in controversy for this action exceeds $75,000.00.

9. Venue and jurisdiction are proper based on diversity of citizenship under U.S.C. § 1332 and pursuant to a forum selection clause in a Contract entered into between the parties.

## FACTUAL ALLEGATIONS

10. Dealertrack is a corporation engaged in the business of providing assistance to automobile dealerships and other automobile vendors in completing out-of-state vehicle registrations.

11. Time Saver is a company which at the time relevant to the allegations of this Complaint engaged in the business of licensing services on behalf of the West Virginia Department of Motor Vehicles, including among other services, vehicle registrations.

12. On or about November 19, 2019, Dealertrack and Time Saver entered into a contract which provided that Time Saver would perform certain vehicle title registration services with the West Virginia Department of Motor Vehicles on behalf of Dealertrack.

13. Samuel McGuffin executed this contract acting in his capacity as Director of Dealer Services for Time Saver.

14. The terms of this contract provided that Time Saver would be paid $25.00 for each transaction successfully completed and returned to Dealertrack.

Additionally, Dealertrack also reimbursed Time Saver for the Department of Motor Vehicles taxes and fees associated with each transaction.

15. The terms of this contract provided that Time Saver was to invoice Dealertrack daily for all completed transactions processed by the West Virginia Department of Motor Vehicles.

16. The terms of this contract provided that Dealertrack was required to pay all invoices from Time Saver within thirty (30) days of receipt.

17. The terms of this contract provided that Time Saver was required to remain in compliance with all applicable laws and regulations, and maintain in effect any and all licenses needed to carry out its work under the contract.

18. On or about May 28, 2021, Dealertrack communicated with Ian Noble, acting on behalf of Time Saver, regarding a backlog of transactions which had been sent to Time Saver but had not yet been successfully processed and returned.

19. Upon information and belief, on or about May 28, 2021 Time Saver was insolvent and unable to pay for the costs associated with DMV processing for the backlog of approximately 350 transactions.

20. Upon information and belief, Time Saver had invoiced these transactions to Dealertrack and previously received payment for these transactions,

despite the fact that they had not been successfully processed and completed by the DMV.

21. Upon information and belief, Dealertrack remitted payment in the amount of $512,438.61 for work which was invoiced by Time Saver but not processed and completed by the DMV.

22. Upon information and belief, Time Saver's West Virginia Department of Motor Vehicles' Dealer License lapsed effective June 1, 2021.

23. Upon information and belief, Time Saver made no effort to procure a renewal of their Dealer License, and abruptly closed all four (4) physical locations with no notice to Time Saver's customers effective June 1, 2021.

24. Upon information and belief, Time Saver no longer conducts business as of June 1, 2021.

## COUNT ONE – BREACH OF CONTRACT

25. Dealertrack incorporates by reference Paragraphs 1 through 24, as if fully set forth herein.

26. As stated above, the contract between Dealertrack and Time Saver included a provision regarding invoicing and payment for the transactions successfully processed and completed by Time Saver.

27. This provision regarding invoicing and payment specifically stated that Dealertrack would be invoiced daily for all transactions completed by Time Saver and successfully processed by the West Virginia Department of Motor Vehicles.

28. By invoicing Dealertrack for transactions which had not been processed by the Department of Motor Vehicles, Time Saver violated the terms of the contract between the parties.

29. Through Time Saver's breach of contract, Dealertrack has sustained damages in the amount of $512,438.61 for work that was paid for by Dealertrack but not completed by Time Saver, as well as the costs associated with obtaining replacement services to complete the approximately 350 backlogged registration transactions, including those damages associated with hassle, annoyance, and inconvenience which stem from Time Saver's material breach of the contract.

## COUNT TWO – FRAUD

30. Dealertrack incorporates by reference Paragraphs 1 through 29, as if fully set forth herein.

31. Time Saver falsely represented to Dealertrack that it had completed and processed the approximately 350 transactions by invoicing Dealertrack for these transactions.

32. These false representations were knowingly made by Time Saver, as Time Saver was aware that the transactions had not been completed and processed when the invoices were sent to Dealertrack.

33. Time Saver intended to deceive and defraud Dealertrack by making these false representations in exchange for payment for the uncompleted work.

34. Dealertrack was deceived by these false representations and as a result of said false representations believed that the invoiced transactions had been processed and completed by the West Virginia Department of Motor Vehicles.

35. The false representations of Time Saver regarding these invoiced transactions resulted in damages to Dealertrack in the amount of $512,438.61 which was paid to Time Saver for the transactions falsely represented to be processed and completed.

36. Through Time Saver's act of fraud, Dealertrack has sustained damages in the amount of $512,438.61, as well as the costs associated with obtaining replacement services to complete the approximately 350 backlogged registration transactions, including those damages associated with hassle, annoyance, and inconvenience which stem from Time Saver's fraudulent acts.

## COUNT THREE – UNJUST ENRICHMENT

37. Dealertrack incorporates by reference Paragraphs 1 through 36, as if fully set forth herein.

38. Dealertrack has paid Time Saver $512,438.61 for work which was not actually completed.

39. Time Saver, through its acceptance of this payment, and representations that it will not reimburse Dealtertack, has been unjustly enriched at Dealertrack's detriment.

40. This unjust enrichment has resulted in damages to Dealertrack in the amount of $512,438.61, as well as the costs associated with obtaining replacement services to complete the approximately 350 backlogged registration transactions, including those damages associated with hassle, annoyance, and inconvenience which stem from this unjust enrichment of Time Saver to Dealtertrack's detriment.

## COUNT FOUR – PIERCING THE CORPORATE VEIL

41. Dealertrack incorporates by reference Paragraphs 1 through 40, as if fully set forth herein.

42. Upon information and belief, Time Saver is Samuel McGuffin's business entity alter ego.

43. Upon information and belief, Time Saver is Peter Tully's business entity alter ego.

44. Upon information and belief, Time Saver is Ian Noble's business entity alter ego.

45. Upon information and belief, Time Saver was grossly undercapitalized at the time of its formation.

46. Upon information and belief, Time Saver is currently insolvent and is unable to pay any of its debts as they become due in the ordinary course of business.

47. Upon information and belief, Defendant Samuel McGuffin has diverted and continues to divert Time Saver's funds and assets for his personal purposes.

48. Upon information and belief, Defendant Peter Tully has diverted and continues to divert Time Saver's funds and assets for his personal purposes.

49. Upon information and belief, Defendant Ian Noble has diverted and continues to divert Time Saver's funds and assets for his personal purposes.

50. Upon information and belief, Time Saver disregarded and continues to disregard corporate formalities and operated its business without regard for the entity.

51. The acts of Samuel McGuffin as alleged herein constitute sufficient basis so as to allow the corporate veil of Time Saver to be pierced and to allow

Dealertrack to seek judgement against him for the $512,438.61 in damages incurred by the acts of Time Saver.

52. The acts of Peter Tully as alleged herein constitute sufficient basis so as to allow the corporate veil of Time Saver to be pierced and to allow Dealertrack to seek judgment against him for the $512,438.61 in damages incurred by the acts of Time Saver.

53. The acts of Ian Noble as alleged herein constitute sufficient basis so as to allow the corporate veil of Time Saver to be pierced and to allow Dealertrack to seek judgment against him for the $512,438.61 in damages incurred by the acts of Time Saver.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Dealertrack Registration and Titling Services, Inc., demands judgment, jointly and severally, against the Defendants, Downtown Auto Title & Notary LLC d/b/a Time Saver Auto Title & Notary, Samuel McGuffin, Peter Tully, and Ian Noble, in the amount of $512,438.61 for compensatory damages, together with the costs of suit, attorneys' fees, pre- and post-judgment interest, damages for annoyance and inconvenience, all damages permitted and protected by the contractual agreement between the parties, and for any and all other such relief as this Court deems just and proper. *[Signature on following page]*

DEALERTRACK REGISTRATION AND TITLING SERVICES, INC.

**By Counsel:**

*/s/ Lillian K. Henry*
P. Michael Freed
Georgia Bar No. 061128
Lillian K. Henry
Georgia Bar No. 783275
Michael.Freed@lewisbrisbois.com
Lillian.Henry@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
(404) 348-8585
*Counsel for Dealertrack Registration and Titling Solutions, Inc.*

4842-9108-7865.1

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that this document was prepared in Times New Roman, 14-point font pursuant to LR 5.1(c), NDGa.

Respectfully submitted, this 1st day of September, 2021.

|  | **LEWIS BRISBOIS BISGAARD & SMITH, LLP** |
|---|---|
|  | */s/ Lillian K. Henry* |
| 600 Peachtree Street, NE. | P. Michael Freed |
| Suite 4700 | Georgia Bar No. 061128 |
| Atlanta, GA 30308 | Lillian K. Henry |
| 404.348.8585 (t) | Georgia Bar No. 783275 |
| 404.467.8845 (f) |  |
| Michael.Freed@lewisbrisbois.com | ***Counsel for Plaintiff Dealertrack*** |
| Lillian.Henry@lewisbrisbois.com | ***Registration and Titling Solutions, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing by electronically filing the same with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification to all counsel of record:

Downtown Auto Title & Notary LLC
d/b/a Time Saver Auto Title & Notary
c/o PETER TULLY
225 COURT ST. WEST
HUNTINGTON, WV, 25704

Samuel McGuffin
104 B 4TH AVE
HUNTINGTON, WV, 25701

Peter Tully
225 COURT ST. WEST
HUNTINGTON, WV, 25704

Ian Noble
1528 C WHALEY COURT
HUNTINGTON, WV, 25704

Respectfully submitted, this 1st day of September, 2021.

*[Signature on following page]*

4842-9108-7865.1

|  |  |
|---|---|
|  | **LEWIS BRISBOIS BISGAARD & SMITH, LLP** |
|  |  |
|  | */s/ Lillian K. Henry* |
| 600 Peachtree Street, NE. | P. Michael Freed |
| Suite 4700 | Georgia Bar No. 061128 |
| Atlanta, GA 30309 | Lillian K. Henry |
| 404.348.8585 (t) | Georgia Bar No. 783275 |
| 404.467.8845 (f) |  |
| Michael.Freed@lewisbrisbois.com | ***Counsel for Plaintiff Dealertrack*** |
| Lilian.Henry@lewisbrisbois.com | ***Registration and Titling Solutions, Inc.*** |

4842-9108-7865.1